UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

Case Number: 25-25194-CIV-MARTINEZ

ACISCLO VALLADARES URRUELA,

    Petitioner,

v.

GARRETT RIPA, KRISTI NOEM,
TODD M. LYONS, and PAMELA BONDI,
*in their official capacities*,

    Respondents.
_____/

## ORDER TO SHOW CAUSE

**THIS CAUSE** came before the Court on Petitioner Acisclo Valladares Urruela's Petition for Writ of Habeas Corpus [ECF No. 1]. Petitioner challenges his detention at the Miramar ICE-ERO Center in Miramar, Florida, by Immigration and Customs Enforcement ("ICE"), a division of the Department of Homeland Security ("DHS"), since November 7, 2025. (*See generally id.*). On November 10, 2025, Petitioner filed an Emergency Motion for Temporary Restraining Order and Preliminary Injunction [ECF No. 4]. Being fully advised, it is

    **ORDERED** as follows:

    1.    Counsel for Respondents shall immediately, in writing, notify the Court of receipt of this Order and the name of the Assistant United States Attorney to whom the case is assigned.

    2.    Respondents shall file a memorandum of law addressing why the Petition for Writ of Habeas Corpus should not be granted and shall file all documents and transcripts necessary for resolution of the Petition **on or before November 15, 2025**. *See* 28 U.S.C. § 2243 (requiring that a response to an order to show cause "shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed").

Case Number: 25-25194-CIV-MARTINEZ

3. Upon review of Petitioner's Emergency Motion for Temporary Restraining Order and Preliminary Injunction [ECF No. 4], the Court is concerned that it lacks subject matter jurisdiction to grant the requested relief. *See, e.g.*, 8 U.S.C. 1252(b)(3)(B) ("Service of the petition on the officer or employee does not stay the removal of an alien pending the court's decision on the petition, unless the court orders otherwise."); *Marquez-Diaz v. Ripa*, No. 25-CV-23256, 2025 WL 2061675, at *3 (S.D. Fla. July 22, 2025) ("[A] district court lacks jurisdiction to enjoin the government from transferring immigration detainees to other districts, as those decisions fall within the discretion of the Attorney General.") (alteration added; citing 8 U.S.C. § 1252(a)(2)(B)). Therefore, Petitioner's Emergency Motion for Temporary Restraining Order and Preliminary Injunction **[ECF No. 4]** is **DENIED** without prejudice. Any re-filed motion for a restraining order or preliminary injunctive relief must address the Court's subject matter jurisdiction to grant the relief being requested.

**DONE AND ORDERED** in Miami, Florida, this 12th day of November, 2025.

_____
**CECILIA M. ALTONAGA**
for **JOSE E. MARTINEZ**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record